IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dominique B. Lovejoy, | ) |
|         Plaintiff, | ) Case No. 3:23-cv-05393-MGL |
| v. | ) |
| Jason L. Richardson, Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, Stefan Perovic, and Sendmee Trucking, LLC, | ) **PLAINTIFF'S ANSWERS TO RULE 26.03 INTERROGATORIES** |
|         Defendants. | ) |

Plaintiff responds to Local Civil Rule 26.03 of the Federal Rules of Civil Procedure as follows:

**(1) A short statement of the facts of the case.**

ANSWER: This is a personal injury action arising from an April 10, 2023, auto accident. Plaintiff was driving on Interstate 26 in Richland County, South Carolina, when traffic came to a stop. Defendant Jason Richardson, driving a tractor trailer owned by Stefan Perovic, could not stop his rig in time, and rear-ended a vehicle which caused a chain reaction rear-ender into three additional vehicles, Plaintiff's being the last to be rear-ended. Plaintiff sustained bodily injuries which required medical treatment, lost wages, and a totaled vehicle.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

ANSWER: The following witnesses may have information relating to the event in question and Plaintiff's injuries and damages:

a. Dominique Lovejoy is the Plaintiff in this subject action and can testify as to the facts and circumstances surrounding this incident including his injuries and treatment that resulted from the collision.

    b. Janice Lovejoy Horne is Plaintiff's mother and has knowledge and information regarding the subject collision. She also has knowledge as to Dominique Lovejoy's injuries and treatment that resulted from the collision.

    c. Jason L. Richardson is a Defendant in the subject action and has knowledge and information regarding the subject collision, his driving history, his qualifications to drive a commercial vehicle, and his training to drive commercial vehicles.

    d. Employees of Rocket Expediting, LLC, Super Ego Holdings, LLC, Super Ego Logistics, LLC, and Sendmee Trucking, LLC, including 30(b)(6) designee(s): One or more employees of these named companies are expected to testify regarding, among other topics: hiring, supervision and training of Mr. Richardson, its investigation of this crash, and the safety management systems in place at their respective company.

    e. Trooper J. R. Hutcherson investigated the subject collision and has knowledge and information regarding the investigation and his observations at the scene as well as his inspection of the commercial motor vehicle involved.

    f. Plaintiff reserves the right to call any and/or all of the first responders and medical personnel who examined Mr. Lovejoy as identified in the medical records.

    g. Plaintiff reserves the right to call as witnesses the persons identified by any other party as witnesses.

    h. Plaintiff reserves the right to call any rebuttal witnesses.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

<u>ANSWER:</u> Plaintiff reserves the right to call as expert witnesses at trial an expert in the field of trucking and trucking safety as well as any of the officers that responded to or investigated the subject collision, including the responders and medical personnel who treated Plaintiff for his injuries. Plaintiff will identify any and all retained expert witnesses pursuant to the terms of the Amended Consent Scheduling Order entered in this action.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

ANSWER: Plaintiff's Claims:

- Nondelegable duty: *Simmons v. Tuomey Reg'l Med. Ctr.,* 341 S.C. 32, 533 S.E.2d 312 (2000));
- Negligent supervision: *Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 300, 302, 468 S.E.2d 292, 298-99 (1996) (considering a negligent supervision claim, citing the elements of ordinary negligence (including the "duty of care"), and stating "[a]n employer owes a duty of care to a third party when the possible harm resulting to the third party by the employee could have been reasonably anticipated by the employer"); *Trask v. Beaufort Cnty.,* 392 S.C. 560, 566, 709 S.E.2d 536, 539 (Ct. App. 2011) (considering "claims for negligence and negligent supervision and training" and citing the basic elements of negligence); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP,* 359 S.C. 635, 644-45 n.2, 598 S.E.2d 717, 722-23 n.2 (Ct. App. 2004) (evaluating a claim for negligent supervision, specifying "[t]he disposition of this claim depends upon whether [the defendant] owed a duty to [the plaintff]," recognizing "[a]n employer may have a legal duty to use due care in supervising an employee as a result of a contractual relationship with the employee," and noting "[t]his duty sounds in tort, not in contract."
- Independent claim for direct liability of trucking company for its own negligence: *James v. Kelly Trucking Co.,* 661 S.E.2d 329, 331–32, 33 (2008);
- Knowledge not required to impose punitive damages on employer for acts of an employee: *Brown v. American Tel. & Tel. Co.,* 82 S.C. 173, 63 S.E. 744 (1909); *West v. Service Life & Health Ins. Co.,* 220 S.C. 198, 202, 66 S.E.2d 816, 817 (1951), *Austin v. Specialty Transp. Servs.,* 358 S.C. 298, 318, 594 S.E .2d 867, 877 (2004). *Accord Hill v. USA Truck, Inc.,* No. 8:06-CV-1010-GRA, 2007 WL 1574545, at *17 (D.S.C. May 30, 2007) *citing Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938); *Berk–Cohen Assocs., L.L.C. v. Orkin Exterminating Co.,* 2004 U.S. Dist. LEXIS 6660, 11 (E.D.La.);
- Master/Servant; Principal/Agent; *Respondeat Superior*;
- 49 C.F.R. Part 376 and 49 USC Section 14102 (lease liability);
- 49 C.F.R. 390-399 (Federal Motor Vehicle Safety Regulations);
- South Carolina Code of Laws §56-5-10, *et seq.* (SC motor vehicle laws).

**(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

ANSWER: January 24, 2024

**(b) Completion of discovery.**

ANSWER: April 23, 2024

**(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

ANSWER: At this time, Plaintiff is unaware of any additional circumstances that would affect the time frames applied in the Consent Amended Scheduling Order entered with this Court.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

ANSWER: At this time, the parties respectfully decline to refer this case to a United States Magistrate Judge.

                        **McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

                        s/*Bennett E. Casto*
                        Bennett E. Casto
                        Federal ID No. 14010
                        119 East Main Street
                        Lexington, South Carolina 29072
                        P: (803) 359-5523
                        F: (803) 996-9080
                        E: Bennett@mcwhirterlaw.com
                        ***Attorney for the Plaintiff***

Lexington, South Carolina
December 1, 2023